UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES M. FLINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00016 |
| | ) | REEVES/GUYTON |
| DAVID A. SEXTON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docs. 1, 14, 20].[1] Respondent filed answers thereto, as well as copies of the state record [Docs. 17, 21, 27, 31–33]. Petitioner filed a reply [Doc. 28]. After reviewing all of the relevant filings, including the state court records, the Court finds that the record establishes that Petitioner is not entitled habeas relief. Accordingly, no evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007), Petitioner's § 2254 petition [Docs. 1, 14, 20] will be **DENIED**, and this action will be **DISMISSED**.

### I.    PROCEDURAL HISTORY

An Anderson County jury found Petitioner guilty of one count of first-degree murder. *State v. Flinn*, No. E2009-00849-CCA-R3-CD, 2013 WL 6237253, at *1 (Dec. 3, 2013). In his appeal of this conviction, Petitioner raised a number of arguments, including the argument that his right to due process was violated because the State failed to prove that the offense was committed before

---

[1] Petitioner filed an original § 2254 motion and two amended petitions [Docs. 1, 14, 20]. In these amended petitions, Petitioner altered the phrasing, but not necessarily the substance, of his arguments for § 2254 relief, all which relate to whether the evidence at trial was sufficient to establish that the offense occurred before the return of the indictment. In this order, the Court has endeavored to address the substance of all Petitioner's claims as the Court understands them.

the return of the indictment as required by Tenn. Code Ann. § 39-11-201(a)(4) [Doc. 33-1 p. 58–64]. The Tennessee Court of Criminal Appeals ("TCCA") found that the evidence sufficiently established that the offense was committed before the return of the indictment, however, and therefore affirmed Petitioner's conviction. *Id.* at 49–50, 83.

## II. BACKGROUND

The indictment charging Petitioner with first-degree murder in the underlying criminal proceedings states as follows:

> THE GRAND JURORS FOR THE STATE OF TENNESSEE, duly elected, impaneled, sworn, and charged to inquire in and for the body of the County of Anderson in the state aforesaid, upon their oath, present that
>
> **JAMES MICHAEL FLINN**
>
> heretofore, to wit, on or about July 21, 2005 before the finding of this indictment, in the County aforesaid, did then and there unlawfully, intentionally and with premeditation kill Greig George Beggs, in violation of T.C.A. 39-13-202,
>
> against the peace and dignity of the State of Tennessee.

[Doc. 32-23 p. 36]. The record establishes that this indictment was read to the jury and was an exhibit to the trial [Doc. 31-8 p. 4; Doc. 32-23 p. 36]. The record further demonstrates that an investigator testified at Petitioner's criminal trial about his investigation of the Beggs murder and the evidence that came up therein, stating in relevant part that he "focused his energy on the information and evidence that [they] had and it ultimately ended up in the indictment and arrest of [Petitioner]" [Doc. 31-15 p. 51–52].

The jury instructions in the underlying criminal proceedings stated in relevant part that "[t]he indictment in this case is the formal written accusation charging the defendant with a crime. It is not evidence against the defendant and does not create any inference of guilt . . . . statements,

arguments[,] and remarks of counsel are intended to help you in understanding the evidence and applying the law, but they are not evidence. If any statements were made that you believe are not supported by the evidence, you should disregard them" [Doc. 32 p. 1–2].

The Tennessee Criminal Court of Appeals ("TCCA") stated as follows in denying Petitioner relief for his claim that his right to due process was violated because the State failed to prove that the offense was committed before the return of the indictment as required by Tenn. Code Ann. § 39-11-201(a)(4):

> The Defendant argues that his due process rights were violated because the State failed to prove that the offense was committed before he was indicted. *See* T.C.A. § 39–11–201(a)(4) (2010). He argues that the record does not show the jury was present when the indictment was read and that the reading of the indictment did not make the indictment date evidence because it was hearsay and read by the prosecutor, not a witness. The State claims that sufficient proof exists to show that the crime was committed before the Defendant was indicted. We agree with the State.
>
> Tennessee Code Annotated section 39–11–201(a)(4) (2010) provides that no person may be convicted of an offense unless the State proves beyond a reasonable doubt that the "offense was committed prior to the return of the formal charge." In *State v. Brown,* 53 S.W.3d 264 (Tenn.Crim.App.2000), this court stated the following regarding this requirement:
>
>> Granted, this is an easy matter to prove.... [The] indictment itself can establish the date upon which it was returned. Thus, the reading of the indictment to the jury, coupled with evidence of when the offense was committed, would establish that the offense was committed prior to the return of the indictment. Also, the State could merely ask an appropriate witness whether the actions of the defendant constituting the offense occurred before the defendant was charged with that offense. This would satisfy the requirements of the statute as well.

> *Id.* at 279. In [*Brown*], this court reversed the defendant's convictions because there was "no evidence that the indictment was ever read to the jury or shown to the jury, and no witness was asked whether the offense occurred prior to the return of the indictment." *Id.* at 279–80. This court concluded, though, that the State's failure to prove the offense occurred before the return of the indictment did not prevent the retrial of the defendant. *Id.* at 280.
>
> As a preliminary matter, we note the Defendant's argument that *Brown* is wrong and inconsistent with the laws of this state. "Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction." Tenn. S.Ct. R. 4(G)(2). The opinion is published and remains the controlling precedent.
>
> According to the trial transcript, the prosecutor read the indictment to the jury. The record shows that the indictment was returned on February 7, 2006. During the trial, Special Agent Corbitt testified that he was assigned to investigate a homicide that occurred in Norris, Tennessee on July 21, 2005. Officer Foust testified that on July 21, 2005, he responded to a call that shots had been fired and that the victim had been shot at 88 West Norris Road. Trooper Carr testified that on July 21, 2005, he received a call over the radio about a shooting at 88 West Norris Road. Paramedics Shetterly and Sweet both testified about responding to a call for a shooting victim on July 21, 2005. The victim's neighbors testified about hearing shots the morning of July 21, 2005. We conclude that the evidence sufficiently shows that the offense was committed before the return of the indictment.

*State v. Flinn*, No. E2009-00849-CCA-R3-CD, 2013 WL 6237253, at *49–50 (Tenn. Crim. App. Dec. 3, 2013).

### III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq.*, a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). Further, where the record supports the state court's findings of fact, those findings are entitled to a presumption of correctness which may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

In his § 2254 habeas corpus petition [Docs. 1, 14, 20] Petitioner raises various claims, all of which relate to the reading of the indictment at trial. Specifically, Petitioner asserts that:

(1) he was denied due process and convicted on insufficient evidence because the State read the indictment to the jury as evidence of his guilt;

(2) the reading of the indictment to the jury as evidence of his guilt violated Petitioner's right to confront and cross-examine the witness against him;

(3) the reading of the indictment to the jury as evidence of his guilt violated his right to a fair trial;

(4) the reading of the indictment to the jury as evidence of his guilt violated his right to trial by jury;

(5) the TCCA misstated the record by stating that Petitioner argued that the date of the indictment's return was read from the indictment to the jury; and

5

(6) the TCCA misstated the record by stating that the date of the indictment's return is in the record.

The Court will address each of these arguments in turn based on the substance thereof.

### A. Sufficiency of the Evidence[2]

First, Petitioner argues that the evidence at trial was insufficient to establish that the offense occurred before the return of the indictment. This claim is without merit, however, as the record establishes a rational juror could have concluded that the evidence presented at trial established beyond a reasonable doubt that the offense occurred before the return of the indictment.

Section 39-11-201(a)(4) of the Tennessee Code also provides in relevant part that "[n]o person may be convicted of an offense unless [] the following is proven beyond a reasonable doubt . . . the offense was committed prior to the return of the formal charge." Tenn. Code Ann. § 39-11-201(a)(4). The Supreme Court has stated that it is within the province of the State to regulate the manner in which it carries out its laws, including specifically those regarding "the burden of producing evidence and the burden of persuasion," and that the State's decisions on such issues do not violate the Due Process Clause unless they offend a fundamental principle of justice. *Patterson v. New York*, 432 U.S. 197, 202 (1977). The Supreme Court has further held that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt each fact required to constitute the crime charged, and that the only facts that constitute the crime are those that appear on the face of the statute as part of the definition of the crime. *Id.* at 221 (citations omitted).

---

[2] In his answers, Respondent asserts that Petitioner did not fairly present his claim that the evidence was insufficient to establish that the offense occurred before the return of the indictment to the state courts. This assertion is incorrect. As set forth above, Petitioner thoroughly detailed this claim in his appellate brief [Doc. 31-1 p. 58–64] and the TCCA addressed the claim on the merits in its opinion denying Petitioner relief [Doc. 33-3 p. 58–73]. *State v. Flinn*, No. E2009-00849-CCA-R3-CD, 2013 WL 6237253, at *49–50 (Tenn. Crim. App. Dec. 3, 2013). Thus, Respondent's answers to the § 2254 petition are deficient on this issue.

6

Tennessee's requirement of proof beyond a reasonable doubt that the offense was committed prior to the indictment, contained in Tenn. Code Ann. § 39-11-201(a)(4), is not a fact that appears on the face of the statute setting forth the elements of first degree murder, Tenn. Code Ann. § 39-13-202. Further, Petitioner has not cited any Supreme Court case law holding that a separate state statute that requires that certain issues other than the specific elements of the crime be proven beyond a reasonable doubt makes those issues an "essential element of the crime" subject to protection under the Due Process Clause. Regardless, however, even if the Court assumes that this is the case, it is apparent that there was sufficient evidence introduced at trial from which a reasonable jury could have found that Petitioner's offense occurred before the return of the indictment.

Where a prisoner argues that there is insufficient evidence to support his conviction, the relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the prisoner guilty beyond a reasonable doubt of all essential elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 319–20 (1979). Petitioner has not cited any evidence from the trial suggesting that the Beggs murder was committed after the indictment was returned.[3] Further, as set forth above, an investigator testified at Petitioner's trial about his investigation of the Beggs murder, stating specifically that he "focused his energy on the information and evidence that [they] had and it ultimately ended up in the indictment and arrest of

---

[3] Notably, Petitioner does not even allege that the indictment was returned prior to the date on which the offense was committed, but rather admits that Beggs was murdered on July 21, 2005, and that he was indicted on February 7, 2006 [Doc. 20 p. 2 ¶ 5]. Based on this admission and reading Petitioner's filings as a whole, it is apparent that Petitioner does not allege that the jury's implicit finding that the offense occurred prior to the return of the indictment was incorrect. Rather, Petitioner takes issue with the State of Tennessee's case law providing that the reading of the indictment at trial may be sufficient to establish that the offense occurred before the return of the indictment.

[Petitioner]" [Doc. 31-15 p. 51–52]. In light of the lack of any evidence tending to show that the indictment was returned before the offense was committed, a rational finder of fact could have found that this portion of the investigator's testimony, standing alone, established beyond a reasonable doubt that the offense occurred before the return of the indictment.

Accordingly, even if the Court assumes without finding that the Due Process Clause required the State to prove that the offense occurred before the return of the indictment and that the reading of the indictment at trial was insufficient to establish that fact beyond a reasonable doubt, the testimony of the investigator was sufficient evidence on this issue. As such, Petitioner is not entitled to relief under § 2254 for this claim.

### B. Right to Cross-Examine and Confront Witnesses under the Sixth Amendment, Right to Fair Trial, and Right to Trial by Jury

Petitioner also asserts that the reading of the indictment to the jury to establish that the offense occurred prior to the return of the indictment violated his right to cross-examine and confront witnesses under the Sixth Amendment, his right to a fair trial, and his right to a trial by jury. Petitioner, however, procedurally defaulted these arguments by first raising them in his state court appeal through his reply brief. As such, the Court will not address the merits of these claims and they will be **DISMISSED**.

Before a habeas petitioner can seek habeas corpus relief under § 2254, he is required to exhaust his state court remedies by fairly presenting all his constitutional claims to the state court. 28 U.S. C. § 2254 (b) and (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "The fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1–2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL

196263, at *2 (6th Cir. April 22, 1996), cert. denied, 519 U.S. 842, 117 S.Ct. 124, 136 L.Ed.2d 74 (1996).

As set forth above, Petitioner only raised his arguments that the reading of the indictment to the jury to establish that the offense occurred prior to the return of the indictment violated his right to cross-examine and confront witnesses under the Sixth Amendment, his right to a fair trial, and his right to a trial by jury with the TCCA in his direct appeal through his reply brief [Doc. 33-3 p. 58].  Under Tennessee law, however, Petitioner could not bring new claims in his reply brief, as "[a] reply brief is a response to the arguments of the appellee.  It is not a vehicle for raising new arguments." *Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2009).  This is because allowing an appellant to raise new arguments in a reply brief "'would be fundamentally unfair as the appellee may not respond to a reply brief.'"  *Denver Area Meat Cutters & Emp'rs Pension Plan v. Clayton*, 209 S.W. 3d 584, 594 (Tenn. Ct. App. 2006) (quoting *Caruthers v. State*, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991)).

A procedural default forecloses federal habeas review, unless a petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  The fact that the factual or legal basis for an argument was not previously available may excuse a procedural default.  *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010).

Accordingly, the Court liberally construes Petitioner's statement that he did not know that the State was arguing that the indictment was used as "evidence of his guilt" until he read the appeal response brief as an argument that the Court should excuse his failure to properly raise these arguments in his appellate brief.  Well-established Tennessee law, however, provided that the State could use the reading of the indictment to the jury to establish that the offense occurred

before the return of the indictment at the time Petitioner filed his appellate brief. *State v. Brown*, 53 S.W.3d 264 (Tenn. Crim. App. 2000). Petitioner addressed the factual and legal holdings of this case in detail in his appellate brief, including the specific holding that the reading of the indictment can prove that the offense occurred before the indictment [Doc. 33-1 p. 67–73]. As such, Petitioner was clearly aware of the factual and legal basis for his claims that the reading of the indictment to the jury to establish that the offense occurred prior to the return of the indictment violated his right to cross-examine and confront witnesses under the Sixth Amendment, his right to a fair trial, and his right to a trial by jury at the time he filed his original appellate brief. Petitioner therefore procedurally defaulted these claims and they will be **DISMISSED**.

### C. Appellate Court Misstatements

Petitioner's last two arguments are that the TCCA misstated the appellate record by stating that Petitioner argued that the date of the indictment's return was read from the indictment to the jury and stating that the date of the indictment's return was found in the appellate record. For the reasons set forth below, however, Petitioner is not entitled to relief on either of these claims.

#### 1. Date of Return of Indictment in Record

First, Petitioner asserts that the TCCA's statement that the date of the return of the indictment is in the record was an unreasonable determination of facts. Even if this was an unreasonable determination of the facts, however, Petitioner is still not entitled to relief on this claim because other undisputed evidence presented at trial establishes that the offense occurred before the return of the indictment.

As set forth above, in the section of its order regarding this claim, the TCCA relied on a previous published Tennessee case holding that where the trial record shows that the indictment was read to the jury and the trial record contains evidence of when the offense was committed, this

may be sufficient evidence to establish that the offense was committed prior to the return of the indictment as required by Tenn. Code Ann. § 39-11-201(a)(4). *State v. Flinn*, No. E2009-00849-CCA-R3-CD, 2013 WL 6237253, at *49–50 (Tenn. Crim. App. Dec. 3, 2013) (citing *State v. Brown*, 53 S.W.3d 264, 279 (Tenn. Crim. App. 2000). Notably, the case on which the TCCA relied appears to assume that the indictment will state the date on which it was returned. *Id.* at *49 (stating that "'[[t]he] indictment itself can establish the date upon which it was returned'" and that the reading of the indictment to the jury combined with evidence of the date on which the offense was committed would therefore establish that the offense occurred before the return of the indictment) (quoting *State v. Brown*, 53 S.W.3d 264, 279 (Tenn. Crim. App. 2000)).

Likely due to this statement in *Brown*, the TCCA states in its opinion that "[t]he record shows that the indictment was returned on February 7, 2006." *Id.* at *50. It is unclear from this statement, however, whether the TCCA meant that the date of the return of the indictment was within the complete appellate record that was before the TCCA, or whether it meant that the date of the return of the indictment was in the trial record and therefore evidence from which the jury could have concluded that the offense occurred before the return of the indictment.

While at least one document in the record before this Court demonstrates that the indictment was returned on February 7, 2006 [Doc. 31-1 p. 8], the indictment filed as an exhibit to the trial does not contain the date on which the indictment was returned [Doc. 32-23 p. 36]. Thus, while the date of the return of the indictment is in the record before this Court, nothing in the record suggests that this date was ever communicated to the jury.

Even if the Court assumes that the TCCA therefore adjudicated this claim based on an unreasonable determination that the date of the return of the indictment was in the trial court record, however, Petitioner is not entitled to relief. Where a § 2254 petitioner demonstrates that a

11

claim was adjudicated based on an unreasonable determination of fact under § 2254(d)(2), the petitioner must then establish that he is being held in violation of federal law. *Rice v. White*, 660 F.3d 242, 257 (6th Cir. 2011). Thus, the Court reviews such a claim *de novo*. *Id.*

As the trial record contained undisputed evidence that that the offense occurred before the return of the indictment, the Court finds that Petitioner has not demonstrated that he is being held in violation of federal law. Specifically, as set forth above, the record establishes that, when asked about his investigation of the Beggs murder, an investigator testified that the information and evidence gathered therein led to the indictment of Petitioner [Doc. 31-15 p. 51–52]. As Petitioner has not pointed to any evidence in the record that would suggest that the indictment was returned before the offense was committed, this statement is sufficient evidence from which a rational finder of fact could determine beyond a reasonable doubt that the offense occurred before the indictment. As such, Petitioner is not entitled to relief on this claim.

### 2. Reading the Indictment as Evidence of Indictment Date

Petitioner also asserts that the TCCA misstated the record by stating that Petitioner argued that "the reading of the indictment did not make the indictment date evidence because it was hearsay." [Doc. 14-1 p. 26]. Petitioner asserts that this is incorrect, as his argument was that the indictment date was not presented to the jury [*Id.*]. For the same reasons set forth above, however, even if the TCCA misstated this fact, this misstatement fails to establish that Petitioner is being held in violation of federal law. Accordingly, Petitioner is not entitled to relief on this claim

### V.    CONCLUSION

For the reasons set forth above, the Court finds that none of Petitioner's claims warrant issuance of a writ. Therefore, Petitioner's petition for a writ of habeas corpus [Docs. 1, 14, 20] will be **DENIED** and this action will be **DISMISSED**.

## VI. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a COA, should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

After reviewing each of Petitioner's claims, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to any claims.

Specifically, as to the procedurally defaulted claims, jurists of reason would not debate the Court's finding that Petitioner did not fairly present these claims to the TCCA in a manner that rendered consideration of their merits likely and that the claims are therefore procedurally defaulted.

Further, as to the claims that Petitioner did not procedurally default, Petitioner has not made a substantial showing that he is in custody in violation of federal law, as undisputed evidence presented at trial allowed a rational finder of fact to find beyond a reasonable doubt that the Beggs

13

murder occurred before the return of the indictment against Petitioner.  Accordingly, a **COA SHALL NOT ISSUE.**

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**